# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 04-16841 |
| | § | |
| JORGE FUENTES | § | |
| | § | |
| | § | |
| | § | |
| Debtor | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Horace Fox, Jr., trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn, Room 713, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final report, must file a written objection within 20 days of the date of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 am on 10/29/2009, in Courtroom 742, United States Courthouse, . If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 09/28/2009   By: /s/ Horace Fox, Jr.
                                                     (Trustee)

Horace Fox, Jr.
6 East Monroe
Suite 1004
Chicago, IL, 60603

**UST-Form 101-7-NFR (9/1/2009)**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 04-16841 |
| | § | |
| JORGE FUENTES | § | |
| | § | |
| | § | |
| | § | |
| Debtor | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

| | |
|---|---:|
| *The Final Report shows receipts of* | $9,904.18 |
| *and approved disbursements of* | $7,505.88 |
| *leaving a balance on hand of*[1]: | $2,398.30 |

Claims of secured creditors will be paid as follows: NONE

Applications for Chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---:|---:|
| Trustee, Lehman and Fox | $669.90 | $0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of additional interest

UST-Form 101-7-NFR (9/1/2009)

Timely claims of general (unsecured) creditors totaling $4,560.89 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 37.9%.

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Proposed Amount |
|---|---|---|---|
| 1 | Discover Bank | $1,658.76 | $628.61 |
| 2 | Cingular Wireless | $1,837.19 | $696.22 |
| 3 | GE Consumer Finance | $414.94 | $157.25 |
| 4 | CITY OF CHICAGO | $650.00 | $246.32 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0%.

Tardily filed general (unsecured) claims are as follows: NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0%.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

Prepared By:  /s/ Horace Fox, Jr.
Trustee

Horace Fox, Jr.
6 East Monroe
Suite 1004
Chicago, IL, 60603

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST-Form 101-7-NFR (9/1/2009)**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| FUENTES, JORGE ) | CASE NO. 04-16841 |
| ) | |
| Debtor. ) | Hon. Doyle |

## TRUSTEE'S FINAL REPORT

To: THE HONORABLE EUGENE R.
    WEDOFF
    BANKRUPTCY JUDGE

NOW COMES HORACE FOX, JR., Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on April 29, 2004. HORACE FOX, JR. was appointed Trustee on April 29, 2004. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $1,650.00. The trustee proposes to abandon the following property at the hearing, $50.00 in books, $400.00 in clothing, $800.00 in furniture, $400.00 in jewelry, $0.00 in pension, $0.00 in personal injury claim, $0.00 in tax refund.

4. A summary of the trustee's final account as of February 16, 2009 is as follows:

| | | |
|---|---|---|
| a. | RECEIPTS (See Exhibit C) | $9,904.18 |
| b. | DISBURSEMENTS (See Exhibit C) | $7,505.88 |
| c. | NET CASH available for distribution | $2,398.30 |
| d. | TRUSTEE PROFESSIONAL COSTS: | |
| | 1. Trustee compensation requested (See Exhibit E) | $669.90 |
| | 2. Trustee Expenses (See Exhibit E) | $0.00 |
| | 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | |

5. The later of two Bar Dates for filing unsecured claims expired on April 13, 2007.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims | $669.90 |
| c. | Allowed Chapter 11 administrative | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $4,560.89 |

7. Trustee proposes that unsecured creditors receive a distribution of 37.90% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $669.90. The legal work was completed at no charge to the estate.

9. A fee of $1,025.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

                                  RESPECTFULLY SUBMITTED

Date: February 16, 2009        /s/ HORACE FOX, JR., Trustee
                                  SIGNATURE

                                  HORACE FOX, JR.
                                  TRUSTEE NAME

                                  6 East Monroe
                                  Suite 1004
                                  Chicago, IL 60603
                                  ADDRESS

## TASKS PERFORMED BY TRUSTEE
## EXHIBIT A

Maintained estate's bookkeeping records, and filed the necessary reports with the Office of the U.S. Trustee.

Reviewed the schedules of assets and liabilities filed by debtor.

Examined the debtor at the meetings of creditors.

Consulted with creditors and parties in interest regarding assets of the estate.

Reviewed the claims and prepared the final report.

Compiled fee detail.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                          )    CHAPTER 7
                                )
FUENTES, JORGE                  )    CASE NO. 04-16841
                                )
         Debtor.                )    Hon. Doyle

## DISTRIBUTION REPORT

I, HORACE FOX, JR., Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution.

**SUMMARY OF DISTRIBUTION:**

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $669.90 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Claims: | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $1,728.40 |
| Interest (726(a)(5)): | $0.00 |
| Surplus to Debtor (726(a)(6)): | $0.00 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | **$2,398.30** |

# CLAIMS DISTRIBUTION REGISTER
# EXHIBIT D
### CASE: 04-16841    FUENTES, JORGE

| Claim No. | Date | Claimant | Category | Amount Filed | Amount Allowed | Paid To Date | Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Trustee Compensation** | | | | | | | | |
| | 04/11/2008 | Lehman and Fox<br>6 East Monroe #1004<br>Chicago, IL 60603<br>NOTES: trustee fee reduced from 1734.84 to 669.90,(the amount of new claims based on last claims bar date) legal work donated | 2100-000 | $669.90 | $669.90 | $.00 | $669.90 | $669.90 |
| **Percent Paid:** | | | 100.00% | | | | | |
| **Total for Trustee Compensation** | | | | $669.90 | $669.90 | $0.00 | $669.90 | $669.90 |
| **General Unsecured 726(a)(2) Claims** | | | | | | | | |
| 1 | 09/10/2004 | Discover Bank<br>POB 8003<br>Hilliard, OH 43026<br>NOTES: | 7100-000 | $1,658.76 | $1,658.76 | $.00 | $1,658.76 | $628.61 |
| **Percent Paid:** | | | 37.90% | | | | | |
| 2 | 09/16/2004 | Cingular Wireless<br>PO Box 740933<br>Dallas, TX 75374<br>NOTES: | 7100-000 | $1,837.19 | $1,837.19 | $.00 | $1,837.19 | $696.22 |
| **Percent Paid:** | | | 37.90% | | | | | |
| 3 | 01/15/2007 | GE Consumer Finance<br>For GE Money Bank<br>dba PEACH DIRECT<br>PO Box 960061<br>Orlando, FL 32896-0661<br>NOTES: | 7100-000 | $414.94 | $414.94 | $.00 | $414.94 | $157.25 |
| **Percent Paid:** | | | 37.90% | | | | | |
| 4 | 02/06/2007 | CITY OF CHICAGO<br>DEPARTMENT OF REVENUE<br>BUREAU OF PARKING-BANKRUPTCY<br>333 S. STATE STREET, SUITE 540<br>CHICAGO, IL 60604<br>NOTES: | 7100-000 | $650.00 | $650.00 | $.00 | $650.00 | $246.32 |
| **Percent Paid:** | | | 37.90% | | | | | |
| **Total for General Unsecured 726(a)(2) Claims** | | | | $4,560.89 | $4,560.89 | $0.00 | $4,560.89 | $1,728.40 |
| **Case Totals** | | | | $5,230.79 | $5,230.79 | $0.00 | $5,230.79 | $2,398.30 |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: _____    _____
HORACE FOX, JR., Trustee